IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 0:17-cv-61339

SREAM, INC., a California Corporation,

        Plaintiff,

v.

SMOKE THIS TOO, LLC, a Florida
Limited Liability Corporation,

        Defendant.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation or limited liability company in the case of Smoke This Too, LLC is involved as a party must not affect your decision in any way. Corporation and limited liability companies and all other persons stand equal before the law and must be dealt with as

1

equals in a court of justice. When a corporation or limited liability company is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to

say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, Sream, Inc., to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Sream, Inc.'s claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Sream, Inc.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Sream, Inc.'s claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

### Trademark - False Designation of Origin

Sream, Inc. has brought a claim against Smoke This Too, LLC for unfair competition in violation of the Lanham Act. The Lanham Act provides that if Smoke This Too, LLC used any word, name, or symbol, on any goods, in commerce, which is likely to cause confusion, a mistake, or to deceive as to the origin of Smoke This Too, LLC's goods by another person, then Smoke This Too, LLC shall be liable in a civil action to Sream, Inc. if Sream, Inc. believes it is likely to be damaged by such act.

On this claim, Sream, Inc. has the burden of proving each of the following elements by a preponderance of the evidence:

1. Sream, Inc. has a commercial interest in the trademark RooR,

    2.    Smoke This Too, LLC improperly used in commerce the RooR trademark in connection with the sale of a water pipe,

    3.    The improper use of the trademark RooR is likely to cause confusion, mistake or deceive as to the origin of the water pipe sold by Smoke This Too, LLC; and

    4.    Sream, Inc. was damaged or is likely to be damaged by the actions of Smoke This Too, LLC.

To establish a "commercial interest" in the trademark "RooR," Sream, Inc. must prove by the preponderance of the evidence that it has rights to the registered trademark "RooR," which could be harmed by the conduct of Smoke This Too, LLC.

A trademark is a word, name, symbol, device, or a combination of these items that is used to identify and distinguish a party's goods from those manufactured or sold by others and to indicate the origin of goods. A registered trademark is a trademark that has been registered in the United States Patent and Trademark Office.

"Use in commerce" exists when a mark is placed in any manner on the goods, and the goods are sold or transported in commerce. Commerce is defined as all commerce which may lawfully be regulated by Congress. The term "used in commerce" in the Lanham Act refers to a sale or transportation of goods bearing the mark in or having the effect on United States interstate commerce.

### Likelihood of Confusion (Seven-Factor Test)

There are seven factors you can use to determine whether a likelihood of confusion exists. No single factor or consideration controls, and Sream, Inc. does not have to prove that all, or even most, of the factors are present. You may also use factors other than these seven. You

should weigh all of the relevant evidence in determining whether a likelihood of confusion exists.

1. Type and Strength of the "RooR" Trademark

The first factor is the "type and strength" of the trademark. Trademarks come in different "types" or categories, namely, "generic," "descriptive," "suggestive," "arbitrary," and "fanciful" or "coined." The type of a claimed trademark is relevant to the trademark's strength.

Some trademarks are stronger than others. The "stronger" the trademark, the more protection should be given to it. I will now describe each type of trademark in the order of their general relative strength, from weakest to strongest.

a. Generic:

A claimed trademark is generic if it is the word, name, symbol, device, or any combination thereof, by which the good commonly is known. An example of a generic trademark is "escalator" for moving stairs.

Whether a claimed trademark is generic does not depend on the term itself, but on use of the term. A word may be generic of some things but not of others. For example, "ivory" is generic for elephant tusks, but it is not generic for soap.

Whether a claimed trademark is a generic term is viewed from the perspective of a member of the public evaluating the trademark.

Generic trademarks are not protected. They cannot be registered with the U.S. Patent and Trademark Office.

b. Descriptive:

A "descriptive" trademark only describes an ingredient, quality, characteristic, function, feature, purpose, or use of the good provided under it. An example of a descriptive trademark

would be VISION CENTER for an eyeglasses store. Descriptive trademarks are eligible for registration with the U.S. Patent and Trademark Office if the trademark has acquired "secondary meaning." A trademark has acquired secondary meaning if the primary significance of the trademark in the minds of the consuming public is not the associated good itself, but instead the source or producer of the good.

There are four factors you may use in determining whether secondary meaning exists:

- The length and nature of the trademark's use;

- The nature and extent of advertising and promotion of the trademark;

- The efforts of the trademark owner to promote a conscious connection between the trademark and its business; and

- The degree to which the public recognizes Sream, Inc.'s goods by the trademark.

In this case, the trademark is covered by an incontestable registration on the Principal Register. The effect of that determination is that the registration is conclusive evidence that the trademark is at least descriptive with secondary meaning. You must accept that this trademark was at least descriptive with secondary meaning at the time of the registration.

c. Suggestive:

A "suggestive" trademark suggests, rather than describes, qualities of the underlying good. If a consumer's imagination is necessary to make the connection between the trademark and the goods then the trademark suggests the features of the good. An example of a suggestive trademark is ICEBERG for a refrigerator. Suggestive trademarks are eligible to be registered in the U.S. Patent and Trademark Office without proof of secondary meaning.

d. Arbitrary and Fanciful or Coined:

7

An "arbitrary" trademark is a real word but has no logical relationship, to the underlying goods. An example of an arbitrary trademark is DOMINO for sugar.

A "fanciful" or "coined" trademark is a trademark created solely to function as a trademark but which has no meaning beyond the trademark itself. An example of a fanciful or coined trademark is EXXON for gasoline.

Arbitrary and fanciful or coined trademarks are eligible to be registered in the U.S. Patent and Trademark Office without proof of secondary meaning.

e. Additional Considerations Relating To Trademark Strength:

When evaluating the strength of the "RooR" trademark, you may also consider the extent of any use by third parties of similar trademarks, Sream, Inc.'s promotional expenditures, the volume of Sream, Inc.'s sales under the "RooR" trademark, and whether the "RooR" trademark registration has achieved incontestable status.

2. Similarity of the Parties' Trademarks

In evaluating whether trademarks are similar, you may consider the "overall impression" that Sream, Inc.'s "RooR" trademark and the mark used by Smoke This Too, LLC create, including the sound, appearance, and manner in which they are used. You may look at the marks as a whole rather than simply comparing their individual features.

3. Similarity of the Parties' Goods

This factor considers not only whether the consuming public can readily distinguish between the parties' goods, but also whether the goods at issue are of a kind that the public attributes to a single source.

4. Similarity of the Parties' Sales Channels, Distribution, and Customers

8

This factor considers where, how, and to whom the parties' goods are sold. Similarities increase the possibility of consumer confusion, mistake, or deception.

5. Similarity of the Parties' Advertising Media

This factor looks to each party's method of advertising. It is not a requirement that Sream, Inc. and Smoke This Too, LLC advertise in the same magazines, publications, or other advertising outlets. The issue is whether the parties use the same forums and media outlets to advertise, leading to possible confusion.

6. Smoke This Too, LLC's Intent

You may also consider whether Smoke This Too, LLC intended to improperly use the "RooR" trademark. That is, did Smoke This Too, LLC adopt the "RooR" trademark with the intention of deriving a benefit from Sream, Inc. and/or the "RooR" trademark's reputation? If you determine that Smoke This Too, LLC intentionally ignored the potential for liability, you may impute to Smoke This Too, LLC intent to improperly use the "RooR" trademark.

7. Actual Confusion

Because the presence of actual confusion usually is difficult to show, a finding of actual confusion is not required to find false designation of origin or unfair competition. Alternatively, the absence of actual confusion does not mean Smoke This Too, LLC is not liable for false designation of origin or unfair competition.

The evidence of actual confusion of trademarks should be reasonably significant. You should weigh the alleged actual confusion using the following factors:

   1. The amount and duration of the confusion;

   2. The degree of familiarity the confused party has with the goods;

   3. The type of person complaining of the alleged actual confusion (for example, whether that person is a customer or a noncustomer); and

    4. The alleged number of people who are actually confused (for example, whether the confused person is an actual customer or someone else).

## Damages

If you find that Sream, Inc. has proven its claim, then you must consider whether, and to what extent, monetary relief should be awarded.

Sream, Inc. claims that Smoke This Too, LLC has committed counterfeiting by unlawfully using the RooR trademark in the sale, offer to sell, distribution, or advertising of goods without Sream, Inc.'s authorization. To prove a claim for counterfeiting, Sream, Inc. must prove the following facts by a preponderance of the evidence:

    1. The trademark used by Smoke This Too, LLC is a copy that is identical or substantially indistinguishable from the RooR trademark that is registered on the Principal Register of the United States Patent and Trademark Office;

    2. The RooR trademark was affixed without Sream Inc.'s permission; and

    3. Smoke This Too, LLC used Sream, Inc.'s trademark in the sale, offering for sale, distribution, or advertising of goods that are covered by Sream Inc.'s trademark registration.

If you find that Sream, Inc. proved that Smoke This Too, LLC engaged in counterfeiting in violation of the trademark, you must consider to what extent money damages should be awarded.

Sream, Inc. seeks what is known as an award of "statutory damages." Statutory damages are damages established by Congress in the Lanham Act. The purpose of statutory damages is to: compensate the trademark owner, penalize the counterfeiter, and deter future trademark counterfeiting. You may award statutory damages between $1,000 and $200,000 for each trademark that Sream, Inc. proves Smoke This Too, LLC used, for each type of goods sold, offered for sale, or distributed.

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Sream, Inc.'s damages should not be interpreted in any way as an indication that I believe that Sream, Inc. should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.

Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 0:17-cv-61339

SREAM, INC. a California Corporation,

        Plaintiff,

v.

SMOKE THIS TOO, LLC., a Florida Limited
Liability Company,

        Defendant.
_____/

## **VERDICT FORM**

      In answering these questions, follow all of the instructions given in the Charge of Court. Do you find by a preponderance of the evidence that:

1.     Plaintiff has a commercial interest in the registered trademark, "RooR."

        Yes _____        No _____

      If you answered "Yes" to Question 1, proceed to answer Question 2.

      If you answered "No" to Question 1, your verdict is for Defendant. You should skip the remaining questions and your foreperson should sign and date the last page of the verdict form.

2.     Defendant improperly used in commerce the RooR trademark in connection with the sale of a water pipe.

        Yes _____        No _____

      If you answered "Yes" to Question 2, proceed to answer Question 3.

      If you answered "No," to Question 2, then skip the remaining questions and your foreperson should sign and date the last page of this verdict form.

3. Defendant's improper use of the trademark RooR caused a likelihood of confusion, mistake, or deception as to the origin of the water pipe sold by the Defendant.

    Yes _____    No _____

 If you answered "Yes," to Question 3, proceed to answer Question 4.

 If you answered "No," to Question 3, then skip the remaining questions and your foreperson should sign and date the last page of this verdict form.

4. Plaintiff was damaged or likely to be damaged by the actions of Defendant.

    Yes _____    No _____

 If you answered "Yes" to Question 4, then you may award statutory damages between $1,000 and $200,000 per counterfeit mark, per type of goods sold, offered for sale, or distributed. Proceed to Question 5.

 If you answered "No," to Question 4, then skip the remaining questions and your foreperson should sign and date the last page of this verdict form.

5. At the time of the activity in question, the mark Defendant used was a counterfeit.

    Yes _____    No _____

6. Plaintiff should be awarded statutory damages.

    Yes _____    No _____

 If your answer is "Yes," in what amount?

    $_____

**SO SAY WE ALL.**

**Dated:** _____         _____
                    **FOREPERSON OF THE JURY**